# EXHIBIT A

Alison Lundergan Grimes
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

October 3, 2019

SUN LIFE INS. CO. OF CANADA SC 4328
ONE SUN LIFE EXEC PARK
WESLEY HILLS, MA 02481-5600

**Received**

**OCT 1 5 2019**

**Law Department**

FROM:   SUMMONS DIVISION
              SECRETARY OF STATE

RE:        CASE NO: 19-CI-05814

COURT:  Circuit Court Clerk
              Jefferson County, Division: 8
              700 West Jefferson St.
              Louisville, KY 40202
              Phone: (502) 595-3055

Legal action has been filed against you in the captioned case. As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

   **(1) Your attorney, or**
   **(2) The attorney filing this suit whose name should appear on the last page of the complaint, or**
   **(3) The court or administrative agency in which the suit is filed at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case. Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.

| AOC-105          Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. **19 CI 05814**<br><br>Court ☑ Circuit ☐ District<br><br>County  Jefferson |
| --- | --- | --- |

**PLAINTIFF**

PATRICK SULLIVAN

JEFFERSON CIRCUIT COURT
DIVISION EIGHT (8)

VS.

**DEFENDANT**

SUN LIFE INS. CO. OF CANADA    SC 4328
ONE SUN LIFE EXEC PARK
WESLEY HILLS, MA 02481-5600

OCT 02 2019

**Service of Process Agent for Defendant:**
SECRETARY OF STATE

_____

_____

_____

_____

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____SEP 23 2019___, 2_____          DAVID L. NICHOLSON, CLERK _____ Clerk

By: _____ D.C.

| **Proof of Service** |
| --- |
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:<br>_____<br>this _____ day of _____, 2_____.<br><br>Served by: _____<br>_____Title |

NO. **19 CI 05814**

**JEFFERSON CIRCUIT COURT**

**DIVISION _____**

| | | |
|---|---|---|
| PATRICK SULLIVAN | ) | PLAINTIFF |
| | ) | |
| v. | ) | |
| | ) COMPLAINT | JEFFERSON CIRCUIT COURT |
| | ) | DIVISION EIGHT (8) |
| | ) | |
| SUN  LIFE | ) | |
| ASSURANCE COMPANYOF CANADA SC 4328 | ) | |
| One Sun Life Executive Park | ) | |
| Wesley Hills, MA02481-5699 | ) | |
| | ) | |
| SERVE: | ) | |
| SECRETARY OF STATE | ) | |
| 700 CAPITOL AVE | ) | |
| SUITE 152 | ) | |
| STATE CAPITOL | ) | |
| FRANKFORT KY 40601 | ) | |

***        ***        ***

Comes the Plaintiff, PATRICK SULLIVAN, by counsel, and for his cause of action against Defendant states as follows:

## PARTIES AND VENUE

1. Plaintiff is a resident of Louisville, Jefferson County, Kentucky.
2. Defendant, Sun Life Financial Assurance Company of Canada, (hereinafter "carrier" or "Defendant" or "Sun") is a corporation doing business in the Commonwealth of Kentucky.
3. This is an action brought by a participant to recover long term disability benefits ("LTD" respectively) due to him under the terms of an insurance plan governed by §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e), which is more specifically, a contract for disability insurance and wage replacement benefits.
4. This Court has jurisdiction pursuant to §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e).

A COPY
ATTEST: DAVID L. NICHOLSON, CLERK
JEFFERSON CIRCUIT COURT
LOUISVILLE, KENTUCKY
BY_____D.C.

## FACTS

5. Plaintiff was a full-time employee of M & M Cartage, Inc. ("employer") for a sufficient time period so as to be eligible for wage replacement coverage under the terms of an insurance contract identified as claim number H88000.

6. As a full time employee, Plaintiff was eligible for, and was participating in the short and long-term disability plan ("plan") offered by employer.

7. At all times relevant to this Complaint, the Plan was administered by Sun and at all relevant times Sun remained the so called "plan administrator".

8. By virtue of Plaintiff's medical impairments, and according to medical personnel, it is apparent that Plaintiff is permanently and totally disabled by both physical and mental diseases.

9. Plaintiff applied for Short Term Disability benefits ("STD") and was approved Plaintiff then applied for long term coverage ("LTD") and was denied on August 30, 2019. Sun's denial exhausts all administrative remedies under the plan.

10. Sun's in house medical review performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform an occupation. The Defendant fails to offer a rational basis as to why it does not concur with a diagnosis of disability consistent with Plaintiff's treating physicians.

11. Sun's in-house reviewing staff erroneously concluded that the Plaintiff was capable of returning to work and to work full time, as he did before the onset of her disability. Sun refused to consider all of the Plaintiff's medical ailments and combined effect on her to terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.

12. Sun's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is error. The Claimant is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo.*

13. Sun is legally unable to deny Plaintiff's benefits based on even its own medical and vocational findings.

14. Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's disability.

15. Defendant Sun's conclusions that Plaintiff is not totally disabled was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.

16. At all relevant times Sun was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of LTD wage replacement benefits. Accordingly, the Plaintiff is entitled to discovery over and above that which is customarily permitted in cases litigated under the ERISA statute.

17. In accordance with the terms of the plan, the Plaintiff did apply for Social Security Disability benefits ("SSDI") from the Social Security Administration ("SSA") in August, 2011. Defendant was made aware of the favorable decision.

18. Even though it does not comprise the administrative record Defendant cannot ignore the finding of SSA without adequate explanation in its decision and thusly in violation of sixth circuit jurisprudence. Whitaker v. Hartford Life and Accident Co. 404 F.3d 947 (6th Cir. 2005).

19. Due to Defendant's actions Plaintiff is entitled to discovery exceeding standard ERISA protocol.

## COUNT 1
### DENIAL IS IN VIOLATION OF ERISA STATUTE

20. Pursuant to the ERISA statute Plaintiff is entitled to long-term disability benefits under the Plan.

21. Defendant has wrongfully denied Plaintiff LTD benefits and has breached the Sun of the Plan under the dictates of the ERISA statute.

22. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the Sun of the contract of insurance.

WHEREFORE the Plaintiff prays as follows:

1. For payment of disability benefits due to him, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;

2. For an Order compelling Defendant to continue all disability benefits from the present forward in time until such time as the Defendant's contract of insurance permits a reinvestigation of Plaintiff's continued medical eligibility under the Plan;

3. For attorney's fees and expenses that Plaintiff has incurred for enforcing her contractual rights as well as his ERISA rights;

4. For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage its termination of

benefits has caused respecting Plaintiff's credit history;

5. For his attorney fees and costs expended herein;

6. For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

ROBERT A. FLORIO
1500 Story Ave
Louisville, KY 40206
Co-Counsel for Plaintiff
502-587-0228



**ALISON LUNDERGAN GRIMES**
**SECRETARY OF STATE**
P.O. Box 718
Frankfort, Kentucky 40602-0718

 **REGISTER TO VOTE**



7019 0160 0000 6743 9353

SUN LIFE INS. CO. OF CANADA SC 4328
ONE SUN LIFE EXEC PARK
WESLEY HILLS, MA 02481-5600